**M. Louise PARKHURST, Respondent,**

**v.**

**Raymond G. PARKHURST, Appellant.**

**No. 57529.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 7, 1990.

Benjamin Frederick Lewis, Cape Girardeau, for appellant.

---

Edward L. Downs, Cape Girardeau, for respondent.

GARY M. GAERTNER, Presiding Judge.

This is an appeal from an order of the Circuit Court of Cape Girardeau, Missouri, which granted respondent's, M. Louise Parkhurst's, petition for a full order of protection pursuant to RSMo sections 455.-010–455.085 (1986). Respondent, in this unusual case, has not provided this court with a brief. We affirm.

Appellant, Raymond G. Parkhurst, and respondent were 75 years of age and 62 years of age respectively at the time of the hearing below. They were married on March 12, 1972. On August 25, 1989, the respondent filed a petition for dissolution of marriage and a petition for an order of protection pursuant to RSMo sections 455.-010–455.085, the Adult Abuse Act. The trial court issued an *ex parte* order of protection prohibiting appellant from abusing or threatening the respondent and prohibiting him from entering respondent's dwelling, formerly the marital home of the parties. A hearing on respondent's entitlement to a full order of protection was scheduled for September 6, 1989.

After a change of judge, a hearing was held on September 14, 1989. Upon hearing the parties' testimony, the court entered a full order of protection which extended for 180 days. The order extended the *ex parte* prohibitions and also divided certain personal property between the parties, restricted appellant from transferring or encumbering the parties' property, required appellant to pay certain bills, and awarded respondent attorney's fees and costs. RSMo sections 455.040 and 455.050. Appellant appeals from this order. Appellant argues that the *ex parte* petition did not state grounds entitling respondent to a temporary order of protection and that the evidence adduced at the hearing was insufficient to sustain the full order of protection.

Our review of the court's order is limited by the oft cited maxims of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); the order will be sustained unless no substantial evidence supports it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

■ Appellant's first claim is that respondent's petition did not plead facts entitling her to relief. Missouri Revised Statutes section 455.035 states, in part, that: "Upon the filing of a verified petition under sections 455.010 to 455.085 and for good cause shown in the petition, the court may immediately issue an ex parte order of protection. An immediate and present danger of abuse to the petitioner shall constitute good cause for purposes of this section." Therefore, in order to be entitled to such an order, respondent must allege that an immediate and present danger of abuse exists. *Id.; Bandelier v. Bandelier*, 757 S.W.2d 281, 283 (Mo.App., W.D.1988).

In pertinent part, respondent's petition alleges as follows: "March 31, 1989, physical abuse, he knocked her down bruised her back, kicked her. There has been this kind of abuse in the past. She is afraid of him under certain conditions. She is filing for divorce and is afraid of what he might do." We note that when we are asked to review the sufficiency of a petition after a decision has been rendered, the petition is given its broadest intendment and it is liberally construed on the side of the pleader. *Stites v. Ray*, 781 S.W.2d 165, 166 (Mo.App., E.D. 1989).

The instant petition cites an incident of violence inflicted upon respondent by appellant and also indicates incidents of prior abuse by appellant. The Supreme Court of Missouri has stated that the specific purpose behind the legislative enactment of the Adult Abuse Act was to allow state intervention *"when abuse of one adult by another household member occurs or is threatened* and thus prevent further violence." *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 231 (Mo. banc 1982) (emphasis added). Respondent's petition, while it should not be used as a model for future petitions, sufficiently averred that violence had occurred and that respondent was in immediate fear of another incident.

We believe this to be sufficient under RSMo sections 455.010 to 455.085.

 The question of the sufficiency of the evidence to sustain the entry of a full order of protection is a more difficult one. According to the testimony, the parties' marriage had been marred by many fights, mainly regarding money and food. Respondent testified that during one episode, each party threw a glass at the other; respondent's toss hit its mark and appellant required stitches to his face as a result. On March 29, 1989,[1] respondent was cooking a chicken dinner when the appellant complained that she was overcooking the meal. This dispute led to a fight in which respondent was pushed to the floor and kicked by appellant. Respondent claims to have missed two days of work due to the bruises on her face and back. Appellant denied that he knocked her down and kicked her, but claimed that she was preparing to stab him with a knife after an argument over money. Appellant claims he slapped her, giving her a black (or pink) eye.

Sometime in June, respondent testified that she and appellant argued about the payment of her hospital bills (unrelated to any incident of abuse) and appellant threatened to "knock [her] teeth down [her] throat." Appellant denied this incident occurred. According to respondent, such threats were relatively common. However, respondent admitted that no incident of physical violence or threats of violence occurred after this incident in June.

On August 25, 1989, respondent filed for dissolution of marriage. Along with her dissolution petition, respondent filed her petition for a protective order claiming she was afraid of what her husband might do when she filed for dissolution. Respondent's fear was based on past altercations and appellant's violent disposition. However, appellant apparently did not ever specifically threaten to harm respondent if she filed for dissolution.

Our question then is whether the foregoing facts are sufficient to sustain the trial court's entry of the full order of protection. We have not been able to find an adult abuse case which is on point with this case.

What is clear, however, is that the Adult Abuse Act was enacted in response to the increased national awareness of the prevalence of domestic violence and the need to protect those who are victims of that violence. *Marsh*, 626 S.W.2d at 226. The trial court may issue a protective order where there is a showing of "an immediate and present danger of abuse." *Id.* at 229. Abuse is defined, for purposes of this opinion, as "purposefully or knowingly placing or attempting to place another in fear of physical harm." RSMo section 455.-010(1)(a). The Supreme Court of Missouri noted that the Adult Abuse Act gives the judge the discretion to issue *ex parte* orders. *Marsh*, 626 S.W.2d at 232. In addition, the court stated that the trial judge could determine the credibility of the *ex parte* petitioner and would be able to view any physical manifestations of abuse. *Id.* at 231.

We believe that the discretion allowed the trial judge in issuing *ex parte* orders is no less applicable to proceedings which relate to the granting of full orders of protection. The trial judge is in the best position to gauge the credibility of the witnesses and to determine the existence of any reasonable apprehension of abuse that a petitioner may harbor; conversely, the judge can determine whether a given respondent appears capable of the feared abuse.

In the instant action, we are confronted with one incident of physical abuse and a verbal threat of violence, with the latest incident occurring some two to two and one-half months *prior* to the filing of the petitions for a protective order and for a dissolution. Added to these incidents is the appellant's claimed fear of consequences of her filing for dissolution.

---

**1.** Respondent's petition incorrectly identified March 31 as the date of this incident. This fact was not disputed at trial.

We readily recognize that the potential for abuse of the Adult Abuse Act would be heightened by a holding which states that all a petitioner need allege to obtain a protective order is that she/he is afraid of a violent reaction from their spouse upon filing for dissolution. We do not intend by our affirming the present action to hold that this fear, by itself, is in any way sufficient.

However, we are also cognizant that the violent acts that this Act is designed to prevent occur frequently and, often, without warning or reason. The Act places the trial court in the position of determining the credibility of the potential for violence based as much on the demeanor of the parties involved as on past incidents of abuse or threatened abuse. It would be very tempting for an appellate court, on review, to reverse an order of protection where no violence had actually occurred, since by the time an appeal would reach the appellate court, the feared abuse would have already occurred or not occurred. We do not believe, however, that this type of "hindsight" review is our function. These factors convince us that the discretion of the trial court should not often be superseded. The trial court is in the best position to determine the necessity for an order *at the time of the hearing.*

The content of the entire record below and the court's superior ability to evaluate the potential for abuse by the testimony and demeanor of the witnesses persuades this court that the full order of protection should be affirmed.

REINHARD and CRIST, JJ., concur.