**Frank CUDA, Respondent,**

v.

**Robert KELLER, Appellant.**

**No. WD 67779.**

Missouri Court of Appeals, Western District.

Sept. 11, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 2007.

James Franklin Ralls, Jr., Liberty, MO, for Appellant.

Frank Cuda, Kansas City, pro se.

Before HOWARD, C.J., and BRECKENRIDGE and ELLIS, JJ.

VICTOR C. HOWARD, Chief Judge.

Robert Keller appeals an adverse entry of a full order of protection under Missouri's Adult Abuse Act sought by his brother-in-law, Frank Cuda. He now claims that Cuda lacked sufficient evidence to receive the order of protection and granting the order was against the weight of the evidence. The trial court's judgment is affirmed.

### Facts and Procedural Background

The current case arose from an acrimonious relationship between two brothers-in-law. Frank Cuda sought a full order of protection against his soon-to-be ex-wife's brother, Robert Keller. He alleged in his petition that Keller stalked, harassed, caused or attempted to cause physical harm, and threatened Cuda. Cuda completed the petition on a form, and, on that form, he noted that he was, nonetheless, unafraid of Keller.

The evidence at trial highlighted two confrontational incidents between the two.[1] In the first, while Cuda was at the courthouse attempting to negotiate a visitation schedule for his child, Keller accosted him. Keller called Cuda a "pansy" among other epithets. Keller walked towards Cuda, "bumped into" him, and got "within inches of [Cuda's] face." The two exchanged additional heated words and Keller repeatedly invited Cuda outside to fight. Cuda declined the invitation. The exchange persisted until an attorney stepped between the two and threatened to call the sheriff on Keller. On another occasion, Keller followed Cuda in his car while calling him derogatory names and requested that he stop his car. Cuda did not stop.

After hearing the evidence, the trial court entered a full order of protection lasting until November 18, 2007.

### Alarm or Fear as a Necessary Element of a Full Order of Protection

[2–4] [W]e must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. We review the content of the record below in order to determine the sufficiency of the evidence, keeping in mind the trial court's superior ability to evaluate the issues by the testimony and demeanor of the witnesses. *Suhr v. Okorn,* 83 S.W.3d 119, 120–21 (Mo. App. W.D.2002). We defer to the trial court's "superior ability to evaluate the potential for abuse by the testimony and demeanor of the witnesses." *Parkhurst v. Parkhurst,* 793 S.W.2d 634, 637 (Mo.App. E.D.1990).

---

1. We view the evidence in a light most favorable to the court's order. *State v. Grim,* 854 S.W.2d 403, 405 (Mo. banc 1993).

■ Keller claims that Cuda was not entitled to a full order of protection because he failed to prove, and even explicitly denied, that he feared Keller. Keller states in his brief that "[o]ne of the necessary elements of granting an adult abuse order is that the victim is afraid of the other person because of action which rises to the level of physical harm or threats or as a result of harassment." Neither the Adult Abuse Act nor the case law cited stand for such a proposition.

The Act states that "[a]ny adult who has been subject to abuse by a present or former adult family or household member, or who has been the victim of stalking, may seek relief under [the Act] by filing a verified petition alleging such abuse or stalking by the respondent." § 455.020.[2] Here, Keller and Cuda are "family or household members" because they are "adults related by marriage." § 455.010(5). Furthermore, "abuse" as defined by the statute:

> includes but is not limited to the occurrence of any of the following acts, attempts or threats against a person who may be protected pursuant to sections 455.010 to 455.085:
>
> (a) "Assault", purposely or knowingly placing or attempting to place another in fear of physical harm;
>
> (b) "Battery", purposely or knowingly causing physical harm to another with or without a deadly weapon;
>
> (c) "Coercion", compelling another by force or threat of force to engage in conduct from which the latter has a right to abstain or to abstain from conduct in which the person has a right to engage ...

§ 455.010(1). Because both men were "household or family members" as defined by statute, Cuda needed to prove only that

Keller subjected him to "abuse" for the evidence to be sufficient to sustain the order. He was not required to prove "stalking" or "harassment" to receive the full order of protection.

The facts before the trial court were sufficient to demonstrate "abuse" and, thus, the evidence was sufficient to grant the order. Keller "threatened" physical injury, or "battery," by repeatedly taunting Cuda to exit the courthouse to fight. Moreover, the conduct in the courtroom could be construed as an actual "assault," as the statute defines it. Under the statute an assault occurs by "purposely or knowingly placing or attempting to place another in fear of physical harm." § 455.010(1)(a). There is no requirement of actually succeeding in placing another in fear of physical harm. Calling Cuda derogatory names while standing within inches of him, bumping into him, and repeatedly challenging him to a fight during a heated discussion could reasonably be construed as a knowing attempt to place Cuda in fear of physical harm. The statute does not require, as Keller insists, that Cuda actually be in fear of physical harm—only that an attempt was made to do so. These facts are patently sufficient, especially in light of the non-exclusive definition of "abuse" found in the Adult Abuse Act.

Keller insists that "[b]oth the statute and the case law require that before a full order of protection can be granted that the alleged victim plead and prove that he or she is afraid of the person against whom a order of protection is sought and that there is an immediate and present danger of abuse or stalking." Keller then generally cites *Parkhurst v. Parkhurst,* 793 S.W.2d 634 (Mo.App. E.D.1990), without directing us to a portion of the opinion

**2.** All statutory references are to RSMo (2000)    unless otherwise indicated.

supporting his assertion. Our review of *Parkhurst* provides no support for Keller's statement of law. Rather, *Parkhurst* merely holds that a petitioner's fear of the adverse party, "by itself," is insufficient to warrant relief under the statute. *Id.* at 637.

### Weight of the Evidence

 The lower court's judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). "Appellate courts should exercise the power to set aside a decree or judgment on the ground that it is 'against the weight of the evidence' with caution and with a firm belief that the decree or judgment is wrong." *Id.* "The trial court is free to believe or disbelieve all, part or none of the testimony of any witness." *T.B.G. v. C.A.G.,* 772 S.W.2d 653, 654 (Mo. banc 1989). It is also " 'in a far better position to evaluate the credibility of witnesses than an appellate court and the resolution of conflicting evidence ... is left to the trial court with deference to be accorded to its conclusions.' " *In re Marriage of Sisk,* 937 S.W.2d 727, 731 (Mo.App. S.D. 1996) (citation omitted).

It would be inappropriate to grant the relief Keller requests due to the order being against the weight of the evidence. As discussed above, there was substantial evidence on each necessary element of the action. The court had undisputed evidence of an acrimonious relationship between Cuda and Keller and substantial evidence that Keller "abused" Cuda on at least one occasion. Under these circumstances, contrary evidence alone is insufficient to warrant reversal.

### Conclusion

The judgment is affirmed.

BRECKENRIDGE and ELLIS, JJ., concur.