**M.D.L., Respondent,**

v.

**S.C.E., Appellant.**

**No. ED 97992.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 13, 2013.

S.C.E., pro se.

M.D.L., pro se.

## KURT S. ODENWALD, Judge.

### Introduction

S.C.E. ("Appellant") appeals from the trial court's judgment granting a full order of protection to M.D.L. ("Respondent"), pursuant to Section 455.040.[1] Appellant alleges that the trial court erred in granting the full order of protection because there was no substantial evidence to support a finding of stalking and abuse. Having reviewed the record, we find substantial evidence exists to support the trial court's judgment on the basis of abuse. Therefore, we affirm the judgment of the trial court.

### Factual and Procedural History

Viewed the light most favorable to the judgment, the evidence introduced at trial is as follows. Appellant and Respondent were involved in a tumultuous romantic relationship for eight and a half years, but never married. One child was born of the relationship.

On May 1, 2011, Respondent broke up with Appellant but could not move out of the home they shared until the end of the month. Appellant began going out at night, getting drunk, and picking fights with Respondent when he got home. Respondent stated that Appellant would pound on the bedroom door where she locked herself inside with their son.

On May 24, 2011, Appellant asked Respondent to have dinner with him. After dinner, the parties began fighting and Appellant told Respondent that he had drugged her. The next day Respondent took a home drug test, which tested positive for cocaine. She then checked herself into a hospital, where she tested positive for cocaine and marijuana. Respondent filed a petition for an adult order of protection related to this incident, but the case was dismissed without prejudice by agreement of the parties.

After Respondent moved out, the parties began exchanging their son at the police station. Because the parties lived near each other, they both drove home in the same direction from the police station. On several occasions, Appellant followed Respondent while driving erratically behind her. Appellant would at times cut in front of Respondent, get over, and then cut back in front of her. During one of these driving incidents, Respondent called 911 and returned to the police station.

On November 27, 2011, Appellant slashed the tires of Respondent's boyfriend's car, which was parked in the driveway of her home.

Respondent filed a petition for an adult order of protection on December 13, 2011. The petition alleged that Appellant stalked

---

1. All statutory references are to RSMo. Cum. Supp. (2012).

and harassed Respondent, followed her from place to place, caused or attempted to cause her physical harm, placed or attempted to place her in apprehension of immediate physical harm, and threatened to do all of the above. Respondent expressed an immediate and present danger of abuse or stalking because she feared Appellant would come to her house and kill her. Respondent claimed that Appellant was mentally unstable, had threatened to kill her before, and had previously held her down and choked her. The trial court issued an *ex parte* order of protection the same day Respondent filed her petition.

On January 12, 2012, a bench trial was held on Respondent's petition for a full order of protection. The parties, both licensed attorneys, represented themselves at trial and testified on their own behalf. In addition to the above incidents, Respondent testified that Appellant threatened her reputation and threatened by e-mail to file numerous motions against her. In reference to one specific e-mail correspondence, Respondent testified that she viewed the entire e-mail as a general threat. Respondent testified that she felt threatened by everything Respondent did and everything he said. However, in her testimony Respondent acknowledged that Appellant had not threatened her with any physical harm since the couple separated.

Respondent also testified to prior acts of violence committed by Appellant. Respondent stated that, on unspecified dates, Appellant had punched her in face, pulled a

gun on her, tried to run her off road, tried to run her over with his car, kicked her, hit her, and given her a black eye. In 2005 or 2006, Appellant held her down by the neck and head while telling her he was going to kill her. Additionally, Appellant occasionally deserted her without any transportation and locked her out of the home in the cold.

Appellant denied slashing Respondent's boyfriend's tires, claiming that he was out with friends at the time of the incident. He also testified that he takes a different route home from the police station after exchanging their child in order to avoid Respondent. Appellant further denied drugging Respondent and instead claimed that he walked in on her smoking cocaine on May 22, 2011. He stated that he had witnesses who had seen her take drugs in the past, which is why he did not want to practice law with her anymore.

After the close of evidence, the trial court found that Respondent proved the allegations of abuse and stalking and entered a full order of protection against Appellant. The order was effective until January 11, 2013, and was automatically renewed for an additional year. This appeal follows.

### Points on Appeal

■■■ Appellant presents two points on appeal.[2] Appellant first argues that the trial court erred in entering a full order of protection against him because there was

---

**2.** As a preliminary matter, we must address Appellant's motion to strike Respondent's brief for failure to comply with Mo. R. Civ. P. 84.04(f). Appellant claims Respondent's brief fails to cite to the record or to relevant authority, fails to include a compliant table of authorities, and includes facts not found in the record. While substantial compliance with Rule 84.04 is mandatory, this Court also has discretion to review an appeal on the merits, even when the brief is not entirely

compliant with the rule. *See Emig ex rel. Emig v. Curtis*, 117 S.W.3d 174, 177 (Mo.App. W.D.2003). Here, while Respondent's brief does contain some defects, they are not of such a nature as to interfere with our ability to determine the case on the merits with reasonable certainty and effort. *See Zurheide–Hermann, Inc. v. London Square Dev. Corp.*, 504 S.W.2d 161, 164 (Mo.1973). Accordingly, Appellant's motion to strike is denied.

no substantial evidence to support a finding of stalking. In his second point on appeal, Appellant argues that the trial court erred in entering a full order of protection against him because there was no substantial evidence to support a finding that Respondent suffered emotional distress.

### Standard of Review

 In reviewing full orders of protection, the judgment of the trial court will be sustained by the reviewing court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Clark v. Wuebbeling,* 217 S.W.3d 352, 354 (Mo.App. E.D. 2007) *(citing Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). "Substantial evidence is competent evidence from which the trier of fact could reasonably decide the case." *Vinson v. Adams,* 188 S.W.3d 461, 464 (Mo.App. E.D.2006). We defer to the trial court's credibility determinations and view all facts and any inferences therefrom favorably to the judgment. *Id.* "Because the trial judge is in the best position to gauge the credibility of the witnesses, in cases under the Adult Abuse Act, the discretion of the trial court should not often be superseded." *C.H. v. Wolfe,* 302 S.W.3d 702, 705 (Mo.App. W.D. 2009).

### Discussion

**I. The record does not contain substantial evidence to support a finding of stalking.**

 In his first point on appeal, Appellant claims that the trial court erred in entering a full order of protection against him because there was no substantial evidence to support a finding of stalking. Specifically, Appellant argues Respondent failed to offer competent evidence to establish that she feared physical harm as a result of any alleged actions by Appellant. We agree.

Under the Adult Abuse Act, any adult who has been subject to domestic violence by a present or former family or household member, or who has been the victim of stalking, may seek relief by way of an order of protection by filing a verified petition alleging such abuse or stalking by the respondent. Section 455.020.1.

 The term "stalking" is defined as purposely and repeatedly engaging in an unwanted course of conduct that causes alarm to another person, when it is reasonable in that person's situation to have been alarmed by the conduct. Section 455.010(13). As defined by the Adult Abuse Act, "course of conduct" is a pattern of conduct composed of repeated acts over a period of time, however short, that serves no legitimate purpose, such as following the other person or unwanted communication or contact. Section 455.010(13)(b). Two or more acts "evidencing a continuity of purpose" qualify as repeated conduct. Section 455.010(13)(c). An activity with a legitimate purpose is one that is lawful or is allowed. *C.B. v. Buchheit,* 254 S.W.3d 207, 209 (Mo.App. E.D.2008). Furthermore, conduct only causes "alarm" if it causes a "fear of danger of physical harm." Section 455.010(13)(a). Proof of alarm involves both a subjective and objective component, such that Appellant's conduct must have caused Respondent to subjectively fear physical harm and a reasonable person under the same circumstances also would have feared physical harm. *Skovira v. Talley,* 369 S.W.3d 780, 785 (Mo.App. S.D. 2012).

 A petitioner must prove the allegation of stalking by a preponderance of the evidence in order to obtain a full order of protection. Section 455.040.1. "Because there is real harm that can result in abus-

ing the Adult Abuse Act and its provisions, including the stigma that may attach to a respondent who is ultimately labeled a 'stalker,' trial courts must exercise great care to ensure that sufficient evidence exists to support all elements of the statute before entering a full order of protection." *Skovira*, 369 S.W.3d at 781 (*quoting McGrath v. Bowen*, 192 S.W.3d 515, 517 (Mo.App. E.D.2006)).

Here, there is insufficient evidence to support a finding that Appellant's conduct caused Respondent to fear physical harm as required by Section 455.010(13)(a). Respondent testified that Appellant's erratic driving caused her to call 911 on one occasion and return to the police station. However, Respondent did not testify as to why she called 911, and did not testify that she feared physical harm as a result of Appellant's actions. Likewise, although Respondent testified that Appellant slashed her boyfriend's tires while his car was parked in her driveway, she did not testify that the incident caused her to fear physical harm from Appellant. While Respondent testified Appellant threatened to ruin her reputation and to institute legal action against her in his e-mails, she admitted in her testimony that Appellant had not threatened her with physical harm in the eight months prior to seeking the order of protection. Although Respondent testified generally that she is "always in fear of [her] safety with [Appellant]," her testimony was not in response to any specific actions taken by Appellant. Rather, she offered said testimony as an explanation as to why she recited incidents that occurred years ago in her current petition for order of protection.

Because Respondent bore the burden of proving each element of stalking, she was required to prove that Appellant's conduct subjectively caused her to fear physical harm. See Section 455.010(13)(a). We acknowledge Respondent's wide range of testimony listing Appellant's untoward conduct. However, we find dispositive the absence of testimony from Respondent or any other witness that Appellant's conduct caused her to fear physical harm. Even when viewing the record in the light most favorable to the judgment, we do not find sufficient evidence from which the trial court could find that Respondent feared a danger of physical harm as a result of Appellant's conduct. Point One is granted.

## II. The record contains substantial evidence to support a finding of abuse.

■ In his second point on appeal, Appellant argues that the trial court erred in entering a full order of protection against him because there was no substantial evidence to support a finding that Respondent suffered the requisite emotional distress to support a finding of abuse by harassment. Because the trial court found only that Respondent proved the allegation of abuse, and abuse is not limited to a finding of harassment, we affirm the judgment of the trial court.

■ Under the Adult Abuse Act, "abuse" includes, but is not limited to, the occurrence of any of the following acts, attempts, or threats against a person: assault, battery, coercion, harassment, sexual assault, or unlawful imprisonment. Section 455.010(1)(a)-(f). Assault is defined as "purposely or knowingly placing or attempting to place another in fear of physical harm." Section 455.010(1)(a). Unlike a finding of stalking, there is no requirement that the petitioner actually be in fear of physical harm to support a finding of assault under the Adult Abuse Act. *Cuda v. Keller*, 236 S.W.3d 87, 90 (Mo.App. W.D. 2007).

■ "Harassment" is defined as engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to the petitioner and serves no legitimate pur-

pose. The conduct must be such as would cause a reasonable person to suffer substantial emotional distress and must actually cause substantial emotional distress to the petitioner. Section 455.010(1)(d). The phrase "substantial emotional distress" means "the offending conduct must produce a considerable or significant amount of emotional distress in a reasonable person; something markedly greater than the level of uneasiness, nervousness, unhappiness or the like which are commonly experienced in day to day living." *C.B. v. Buchheit,* 254 S.W.3d 207, 210 (Mo.App. E.D.2008) (*quoting Wallace v. Van Pelt,* 969 S.W.2d 380, 384 (Mo.App. W.D.1998)).

Appellant is correct in his assertion that "harassment" as defined in Section 455.010 requires a finding that the petitioner suffered substantial emotional distress. However, Appellant's analysis fails to consider Respondent's allegations of assault as the basis of the order of protection.

In her petition, Respondent alleged that Appellant stalked her, harassed her, followed her, caused or attempted to cause her physical harm, *placed or attempted to place her in apprehension of immediate physical harm,* and threatened to do any of the above. At trial, Respondent testified that Appellant drugged her, drove erratically around her, and slashed her boyfriend's tires while his car was parked in her driveway. She also testified to numerous past acts of violence that she was subjected to by Appellant. These facts were sufficient for the trial court to find that Appellant purposely or knowingly placed or attempted to place Respondent in fear of physical harm. *See* Section 455.010(1)(a). These facts are sufficient evidence to support a finding of assault even without evidence that Respondent was placed in actual fear of Appellant as a result of such acts.

Although Appellant denied the drugging, erratic driving, and tire slashing, we are bound by our standard of review, which requires us to defer to the trial court's credibility determinations and to view all facts and any inferences therefrom favorably to the judgment. *Vinson,* 188 S.W.3d at 464; *see also Wolfe,* 302 S.W.3d at 705 (the trial court is in the best position to determine the credibility of the witnesses). The trial court has the "superior ability to evaluate the potential for abuse by the testimony and demeanor of the witnesses." *Cuda,* 236 S.W.3d at 89; *see also Parkhurst v. Parkhurst,* 793 S.W.2d 634, 636 (Mo.App. E.D.1990) (the trial judge is in the best position to gauge the credibility of the witnesses, as well as to determine the existence of any reasonable fear that a petitioner may harbor). As such, "[t]he trial court is in the best position to determine the necessity for an order *at the time of the hearing."* *Parkhurst,* 793 S.W.2d at 637.

Here, the trial court found Respondent's testimony to be more credible, and we will not disturb that finding on appeal, particularly in cases under the Adult Abuse Act. *See Wolfe,* 302 S.W.3d at 705. Viewing the record in the light most favorable to the judgment, we find there was sufficient evidence from which the trial court could reasonably determine that Appellant's conduct constituted assault under Section 455.010(1)(a). Accordingly, the trial court did not err in granting Respondent a full order of protection. Point Two is denied.

### Conclusion

The judgment of the trial court granting a full order of protection is affirmed on the basis of abuse.

LAWRENCE E. MOONEY, P.J., and PATRICIA L. COHEN, J., concur.