

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | | |
|---|---|---|---|
| C.M.M., | ) | No. ED112435 | |
| | ) | | |
| Respondent, | ) | Appeal from the Circuit Court | |
| | ) | of St. Louis County | |
| vs. | ) | Cause No. 23SL-PN06778 | |
| | ) | | |
| A.M.C., | ) | Honorable Amanda B. McNelley | |
| | ) | | |
| Appellant. | ) | FILED: February 25, 2025 | |

### Opinion

A.M.C. (Husband) appeals from the trial court's judgment granting an order of protection to C.M.M (Wife) under the Adult Abuse Act (the Act).[1] Husband raises three points on appeal. Point One argues the trial court erred in granting the order of protection because there was not substantial evidence of physical harm so as to prove battery or assault. Point Two alleges the trial court erred in granting the order of protection because there was not substantial evidence to support finding Husband stalked Wife in that she did not prove she feared a danger of physical harm or that a reasonable person would have feared a danger of physical harm. Point Three contends the trial court erred in granting the order of protection because there was not substantial evidence to support finding Husband harassed Wife in that no reasonable person would have suffered substantial emotional distress nor did Wife actually suffer substantial emotional distress.

---

[1] *See* §§ 455.010–.095, RSMo (2016).

Because we find the trial court's judgment granting a full order of protection was not supported by substantial evidence, we reverse the trial court's judgment and vacate the order.

Background

Wife sought an order of protection against Husband on December 29, 2023. Wife's petition alleged Husband caused or attempted to cause her physical harm, stalked her, harassed her, followed her from place to place, and threatened to do the same. According to Wife's petition, the police arrested Husband on Labor Day, September 4, 2023, for alleged domestic assault. Wife was prompted to file the subject petition when, on one recent occasion, Husband followed her while she was driving in St. Louis County. Wife also alleged that Husband sent her and her fifteen-year-old Daughter harassing text messages, would break into their home when she was not there despite having moved out while they pursued divorce, made false police reports, put up cameras around the home without her knowledge, and communicated with her and the children through connected devices using Amazon's Alexa application. She alleged she was fearful for her and her children's safety.

After granting an ex parte order of protection, the trial court held a hearing for a full order of protection, which both Husband and Wife attended. Wife was represented by counsel, and Husband appeared pro se. Details of the evidence relevant to the allegations of domestic violence and stalking will be recounted in the discussion section below.

Following the hearing, the trial court entered a full order of protection on January 31, 2024. Pursuant to the form judgment, the trial court found Wife sufficiently proved allegations of domestic violence, stalking, and/or sexual assault against Husband. The trial court entered orders limiting contact between Husband and Wife and granted Wife exclusive possession of the marital home. The full order of protection was set to remain in effect until January 30, 2025. Husband now appeals.

2

<u>Standard of Review</u>

We review a trial court's judgment granting a full order of protection for whether it is supported by substantial evidence, is against the weight of the evidence, or erroneously declares or misapplies the law. *J.R.C. v. S.L.F.*, 686 S.W.3d 673, 677 (Mo. App. E.D. 2024) (internal citation omitted). "Substantial evidence is 'competent evidence from which the trier of fact could reasonably decide the case.'" *Id.* at 677–78 (internal quotation omitted). We defer to the trial court's credibility determinations and view "the evidence and permissible inferences drawn from the evidence in the light most favorable to the judgment." *Id.* at 677 (quoting *Bateman v. Platte Cnty.*, 363 S.W.3d 39, 43 (Mo. banc 2012)).

A trial court "must ensure that sufficient credible evidence exists to support all elements of the statute before entering a full order of protection 'because of the potential stigma that may attach to an individual who is labeled a "stalker" [or domestic abuser] under [the Act].'" *Id.* at 678 (quoting *K.L.M. v. B.A.G.,* 532 S.W.3d 706, 709 (Mo. App. E.D. 2017)). A trial court may not grant a full order of protection unless the petitioner has proven the allegations by a preponderance of the evidence. *Id.* (internal quotation omitted).

<u>Discussion</u>[2]

The trial court's judgment consisted of a check-the-box form stating that Wife proved allegations of domestic violence, stalking, and/or sexual assault against Husband pursuant to § 455.040[3] under the Act. Because the judgment does not specify on which grounds the order of protection was granted, Husband challenges all potential grounds for the judgment except sexual

---

[2] Although the full order of protection expired during the pendency of this appeal, we apply the public interest exception to the mootness doctrine to hear the appeal pursuant to § 455.007, which provides: "[n]otwithstanding any other provision of law to the contrary, the public interest exception to the mootness doctrine shall apply to an appeal of a full order of protection which has expired." *See L.E.C. v. K.R.C.*, 674 S.W.3d 97, 104 (Mo. App. E.D. 2023) (citing *K.L.M.*, 532 S.W.3d at 709–10 (citing *C.D.R. v. Wideman*, 520 S.W.3d 839, 842 (Mo. App. W.D. 2017))).
[3] All statutory references are to RSMo (Cum. Supp. 2021), unless otherwise indicated.

3

assault. Indeed, we do not consider sexual assault because it was not pleaded or proven, nor did the trial court make any findings that sexual assault occurred. *See id.* As in *J.R.C.*, we therefore consider only domestic violence and stalking. *See id.* Domestic violence may be proven by adducing evidence of battery, assault, or harassment. *See id.* (citing § 455.010(1)). In Point One, Husband argues there was no substantial evidence of physical harm to support a finding of battery or assault. In Point Two, Husband contends no substantial evidence supported a finding of stalking. In Point Three, Husband challenges the evidence supporting a finding of harassment. Addressing each in the order of the statute and relevant caselaw, we agree with Husband that the judgment was not supported by substantial evidence. *See id.*

## I. Battery—No Substantial Evidence to Support the Judgment (Husband's Point One)

A person commits battery under the Act by "purposely or knowingly causing physical harm to another person with or without a deadly weapon." *Id.* (quoting § 455.010(1)(c)). Although "physical harm" is not defined in the Act, Missouri defines "physical injury" in the criminal code as the "slight impairment of any function of the body or temporary loss of use of any part of the body[.]" § 556.061(36), RSMo (Cum. Supp. 2020). There must be evidence of physical harm to affirm a finding of battery. *J.R.C.*, 686 S.W.3d at 678–79; *see, e.g.*, *Martinelli v. Mitchell*, 386 S.W.3d 148, 150 (Mo. App. S.D. 2012) (finding a petitioner's testimony that the respondent struck her in a physical alteration resulting in her being bruised with split skin was substantial evidence to support finding battery under the Act).

Wife testified that during an argument on Labor Day, September 4, 2023, Husband "shoved [her] to the ground[.]" The full extent of the evidence as to battery was as follows: Husband had been drinking and got into an argument with Wife, which led to an argument between Husband and Wife's teenage Daughter regarding Daughter's cellphone. Husband was

4

in Daughter's face. Wife intervened to separate them, pushing his shoulder to remove him, and Husband "shoved [her] to the ground." Daughter then called the police.

No testimony was elicited from Wife that she was physically harmed. Wife did not testify that she was injured in any way, and we cannot provide missing or speculative inferences about what Wife experienced when she was pushed. *See Love v. Osage Marine Servs., Inc.*, 690 S.W.3d 505, 512 (Mo. App. E.D. 2024) (quoting *Harner v. Mercy Hosp.*, 679 S.W.3d 480, 484 (Mo. banc 2023) ("[T]his Court will not supply missing evidence or make unreasonable, speculative, or forced inferences from the evidence presented.")). Inasmuch as intent is a required element of battery, there was no testimony elicited from Wife that Husband ever threatened to physically harm her or Daughter. *See J.R.C.*, 686 S.W.3d at 678–79. There was also no testimony about any other alleged acts of physical violence, intentional or otherwise. *See id.* Neither party called Daughter as a witness to testify about what she observed, and Wife never indicated she experienced any pain, which could have created a reasonable inference of physical injury. *See id.* (reviewing the testimony for any allegations of pain, injury, or physical harm in considering whether there was a battery under the Act).

Without any evidence of physical harm, there can be no finding that the respondent committed battery against the petitioner as defined in the Act. *Id.* Wife's testimony that Husband shoved her to the ground does not, without more, amount to substantial evidence of physical harm. *See id.*

Notwithstanding, Wife suggests that the parties' disagreement over who was the initial aggressor requires us to reach a different result than in *J.R.C.*, where the petitioner admitted to being the initial aggressor. In that case, the petitioner testified that after she lunged at the respondent, he shoved her back against a wall, which startled her. *Id.* This Court held that the

5

lack of any testimony whatsoever alleging physical harm could not support a conclusion that the respondent committed battery under the Act. *Id.* Both in that case and in the one before us, whether the petitioner or respondent was the initial aggressor is not dispositive of the physical harm element. Here, as in *J.R.C.*, the lack of any evidence showing Wife was physically harmed simply cannot support a finding of battery. *See id.*

## II.    Assault—No Substantial Evidence to Support the Judgment (Husband's Point One)

A person commits assault under the Act by "purposely or knowingly placing or attempting to place another in fear of physical harm." § 455.010(1)(b). "In cases where our Appellate Courts have supported a finding that the appellant purposefully or knowingly placed or attempted to place the respondent in fear of physical harm, there are, at a minimum, allegations of either threats of physical harm or actions of physical violence." *J.R.C.*, 686 S.W.3d at 679 (internal citations omitted). For instance, there was substantial evidence to find assault under the Act where the respondent called the petitioner derogatory names while standing "within inches of him, bumping into him, and repeatedly challenging him to a fight during a heated discussion[.]" *Cuda v. Keller*, 236 S.W.3d 87, 90 (Mo. App. W.D. 2007). For another example, evidence was sufficient to find assault under the Act where the respondent put his hand on the petitioner's shoulder as he tried to push past her into the house, stood in front of her house and threatened to burn it down with her and her dogs inside, and the petitioner called the police and left her home to stay with a friend. *L.A.C. v. R.A.P.*, 671 S.W.3d 419, 425 (Mo. App. E.D. 2023). Contrastingly, there was not substantial evidence to find assault under the Act in *J.R.C.*, where the petitioner did not testify to physical harm, fear of physical harm, or acts of past violence, but instead only testified that "on one occasion, after she had lunged at him, [the respondent] pushed her back to the wall which 'kind of startled' her." *J.R.C.*, 686 S.W.3d at 679.

6

Here, as discussed above, Wife did not testify that she was physically harmed or feared for her physical safety during the Labor Day incident in which Husband "shoved [her] to the ground," thus the evidence relating to that incident is insufficient for assault under the Act. *See id.*

Other evidence for our consideration involved an incident that occurred the day before Wife filed the subject petition. Specifically, Husband followed Wife's car for several minutes in St. Louis County. At trial, Husband testified he followed her out of curiosity after seeing her in front of his divorce attorney's office. Both parties accused each other of following the other. Viewing the facts favorably to the judgment, Husband followed Wife until she stopped at a stranger's home and rang the doorbell. Husband yelled at her from his car window. In describing the incident, Wife did not testify she feared for her physical safety. She did not testify, for example, that she feared he would ram her off the road or that he would physically harm her if he caught up to her, such as by hitting her with his car or body. Given the lack of testimony to prove the element of threats or acts physical harm, there was insufficient evidence of assault under the Act.[4] *See id.*

We next consider whether there was substantial evidence of assault in testimony that Husband continued to show up at the marital home despite moving out after the Labor Day incident, which started his and Wife's separation. The parties informed the trial court that there was an ongoing dissolution proceeding in St. Charles. While Husband began living at hotels, Wife continued living at the marital home with their three mutual children, including Son, and Wife's fifteen-year-old Daughter. Wife testified that on one occasion, Husband let himself into

---

[4] The record shows the trial court heard an audio recording from Wife's phone that was taken while Husband was following her. No exhibit has been deposited with this Court. We may assume the audio recording supported Wife's testimony. *See In re Marriage of Eakens*, 647 S.W.3d 324, 330 n.3 (Mo. App. S.D. 2022) (internal citation omitted) (noting we assume an exhibit not deposited properly with us is presumed to favor the judgment).

the home when she was not there because she forgot to send Son's medicine. Wife also testified that Daughter was upset whenever Husband came to the house when Wife was not there, but Wife did not testify that Daughter feared Husband would physically harm her, and such testimony would have been hearsay subject to objection, as Daughter did not appear to testify. Neighbor testified about one time that Husband lingered in his car in front of the house for a long time. Neighbor also said that one time, Husband approached her and alleged that her child was bullying one of his children by calling him a "wifebeater" after the Labor Day incident. Lastly, Wife testified about Husband's access to cameras that were installed inside and outside the home. Wife never testified with respect to the cameras that she feared Husband would physically harm her or anyone else, which would be required for a finding of assault under the Act. Indeed, none of the above evidence contains sufficient allegations of threats of physical harm or actions of physical violence so as to support a finding of assault under the Act. *See id.* (internal citations omitted).

### III. Harassment—No Substantial Evidence to Support the Judgment (Husband's Point Three)

A person commits harassment under the Act by "engaging in a purposeful or knowing course of conduct involving more than one incident that alarms or causes distress to an adult or child and serves no legitimate purpose" such that a reasonable person would have suffered substantial emotional distress and that actually caused the petitioner substantial emotional distress. § 455.010(1)(e); *J.R.C.*, 686 S.W.3d at 680. "The phrase 'substantial emotional distress' means 'the offending conduct must produce a considerable or significant amount of emotional distress in a reasonable person; something markedly greater than the level of uneasiness, nervousness, unhappiness or the like which are commonly experienced in day to day living.'" *K.M.C. v. M.W.M.*, 518 S.W.3d 273, 278 (Mo. App. E.D. 2017) (quoting *C.B. v.*

8

*Buchheit*, 254 S.W.3d 210, 213 (Mo. App. E.D. 2008)).[5] Harassing conduct includes but is not limited to "[f]ollowing another about in a public place" and "[p]eering in the window or lingering outside the residence of another; but does not include constitutionally protected activity[.]" § 451.010(1)(e)(a)–(b).

Here, as reprised above, evidence was adduced at the hearing that Husband would go to the marital home when Wife was not there despite their separation. On one occasion, Husband went to the home when Daughter was home alone, prompting Wife to call the police. Wife implied Husband was armed with a gun, which proved to be false. In describing this incident, Wife did not provide any evidence that she herself suffered substantial emotional distress. *See* § 455.010(1)(e). Wife testified to *Daughter's* alleged distress, but Daughter was not at the hearing and provided no statement in evidence. *See id.*

In connection with the car-following incident, Wife stated she received ten text messages from Husband accusing her of adultery, however, no text messages were produced for the record. Even if such texts had ben introduced into the record, they would not necessarily have been sufficient to prove harassment. *See Buchheit*, 254 S.W.3d at 212–13) (finding no substantial evidence that "r[o]se to the level of provoking a reasonable person to suffer substantial emotional distress" to constitute harassment under the Act where the respondent called the petitioner explicit names, made several negative posts about her on the internet, threatened to take the petitioner's daughter away or sue, and refused to leave the petitioner's property until escorted away by police); *see also J.R.C.*, 686 S.W.3d at 680 (internal quotation omitted) ("By itself, repeated communication 'typically does not rise to the level of harassment, because while

---

[5] We note there are two related but separately-filed appeals applying the same analysis: *C.B. v. Buchheit*, 254 S.W.3d 210 (Mo. App. E.D. 2008) (reversing an order of protection against the petitioner's mother-in-law) and the immediately preceding *C.B. v. Buchheit*, 254 S.W.3d 207 (Mo. App. E.D. 2008) (reversing an order of protection against the petitioner's father-in-law).

9

annoying and boorish, such conduct would not cause substantial emotional distress in a reasonable person.'").

Wife testified that after the Labor Day incident, she would allow Husband to come back to the marital home after his workdays to see the children, but after they went to bed, he would "start to escalate and become belligerent," and she would ask him to leave, which he would refuse to do. Wife did not elaborate on what she meant by Husband becoming belligerent, and she did not testify to any threats Husband issued or any particular words or actions to be assessed for harassment under § 455.010(1)(e). On cross-examination, Husband asked Wife if, between the Labor Day incident and the middle of October she felt "threatened" by him when they jointly attended events as a family, such as going to a pumpkin patch, visiting a train museum, and celebrating a birthday at a restaurant. Wife answered: "at times throughout, yes. However, for the betterment of our children and trying to remain amicable with you through this whole separation process, I was trying to keep you included and involved [with the children.]" Wife's bare statement that she felt threatened at times does not amount to substantial evidence of harassment under the Act. *See* § 455.010(1)(e); *Buchheit*, 254 S.W.3d at 213 (internal citation omitted) (noting when considering substantial evidence under the Act that "[a] plaintiff is required to do more than simply assert a bare answer of 'yes' when asked if he or she was alarmed").

Wife further alleged in her petition that Husband was watching and interacting with her and the children using Alexa-connected cameras inside and outside the home, including one in the children's room. While these allegations certainly warranted an ex parte order of order protection, the allegations were not self-proving for the purposes of granting the full order of protection. *See J.R.C.*, 686 S.W.3d at 679 (internal citation omitted). At the hearing, Wife

10

offered no recordings from the cameras into evidence and did not testify to any timestamps or other details, despite evidence that the device made automatic recordings and kept a log of messages. Wife likewise did not testify as to what or when Husband was watching or communicating. While the allegations are concerning, we must proceed solely on what was submitted into the record to prove the allegations. *See id.* Wife also did not offer any testimony in support of the judgment as to the nature of her distress, such as Husband's intent through his actions or their impact on her. *See id.* at 680 (finding mere descriptions of conduct as "harassment" and that the petitioner was "sick of it" failed to allege substantial emotional distress for purposes of harassment under the Act). Given that Wife's allegations are not self-proving, the record was devoid of substantial evidence of harassment. *See id.*

## IV. Stalking—No Substantial Evidence to Support the Judgment (Husband's Point Two)

Lastly, we determine whether Wife proved stalking for purposes of the Act. Stalking is another form of "domestic violence." *J.R.C.*, 686 S.W.3d at 681 (citing § 455.010(5)). Stalking occurs "when any person purposely engages in an unwanted course of conduct that causes alarm to another person . . . when it is reasonable in that person's situation to have been alarmed by the conduct." § 455.010(15). Particularly relevant to this case, alarm means "to cause fear of danger of physical harm[.]" § 455.010(15)(a). "Alarm contains both a subjective and objective component." *J.R.C.*, 686 S.W.3d at 681 (quoting *K.L.M.*, 532 S.W.3d at 710). The record must contain substantial evidence showing both that Husband's conduct caused Wife a subjective fear of danger of physical harm, and that a reasonable person in Wife's situation would have feared physical harm. *See id.* (citing *K.L.M.*, 532 S.W.3d at 710).

In *J.R.C.*, the petitioner alleged in her petition that she was "afraid" but gave no testimony during the hearing detailing that she feared physical harm from the respondent. *Id.* at

11

681–82. The petitioner's testimony that she was "startled" when the respondent pushed her against a wall was found insufficient to prove a subjective fear of physical harm for purposes of stalking under the Act, particularly absent evidence of threats of physical harm or fear that prompted her to lunge at him. *Id.* In another case, this Court also found no substantial evidence of stalking where the petitioner testified about respondent's erratic driving, slashing tires, and threatening to ruin her reputation, but did not testify that the respondent's conduct caused her to fear physical harm. *M.D.L. v. S.C.E.*, 391 S.W.3d 525, 530 (Mo. App. E.D. 2013).

Our thorough review of the record identifies no evidence that Wife feared or experienced physical harm that would rise to the level of alarm to support a full order of protection. *See J.R.C.*, 686 S.W.3d at 681–82 (citing *M.D.L.*, 391 S.W.3d at 530). As discussed above, Wife did not testify to fearing or experiencing physical harm during the Labor Day incident. Regarding other incidents, including the car-following and home cameras, no evidence was adduced in the record that Wife feared a danger of physical harm from Husband. Wife never testified she feared Husband would commit any physically violent acts against her or Daughter. For the lack of evidence as to Wife's alarm alone, we must find the judgment lacks substantial evidence of stalking. *See id.* (citing § 455.010(15)(a)).

**V.     Summary**

This Court will not affirm a full order of protection under the Act unless there is sufficient credible evidence to support all the elements. *Id.* at 678 (quoting *K.L.M.*, 532 S.W.3d at 709). "'The Act is not, nor was it intended to be, a solution for minor arguments between adults' . . . [n]or is it intended to be used as a shield and sword in dissolutions." *L.E.C.*, 674 S.W.3d at 111 (quoting *N.C. v. Y.Q.L.*, 609 S.W.3d 56, 59 (Mo. App. E.D. 2020)). The record contains no substantial evidence of battery, assault, harassment, or stalking. *See* § 455.040.

Accordingly, there was not substantial evidence supporting a finding that Wife proved domestic violence or stalking for purposes of the Act. *See J.R.C.*, 686 S.W.3d at 682.

<u>Conclusion</u>

The judgment of the trial court is reversed. The full order of protection is vacated.

Rebeca Navarro-McKelvey, J.

Lisa P. Page, P.J. and
Virginia W. Lay, J., concur.