**STATE of Missouri, Respondent,**

v.

**Herman R. BROWN, Jr., Appellant.**

**No. WD 43658.**

Missouri Court of Appeals, Western District.

June 30, 1992.

Gary E. Brotherton, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

FENNER, Judge.

Appellant, Herman Brown, appeals from his convictions and sentences, after trial by jury, for first degree assault pursuant to § 565.050, RSMo 1986 [1] and stealing pursuant to § 570.030.[2]

Brown does not challenge the sufficiency of the evidence. The record reflects that Brown brutally assaulted a lady, by the name of Emilie Vardaman, whom he had dated for a brief time. Vardaman suffered severe and permanent injuries and both she and another person who was present during the assault identified Brown as the assailant.

In his first point on appeal, Brown argues that the trial court erred in sustaining the state's objection to defense counsel's cross examination of the victim, Emilie Vardaman, in regard to a prior assault to which she was subjected by another person. Brown argues that the circumstances of the prior assault were relevant to evaluate Emilie Vardaman's credibility.

The trial court is permitted wide discretion in deciding the permissible extent of cross-examination, particularly with reference to collateral matters. *State v. Johnson*, 486 S.W.2d 491, 496 (Mo.1972). The trial court has broad discretion to disallow repetitive and harassing interrogation, to limit attacks on general credibility, and to preclude attempts to elicit irrelevant, collateral or stale matters. *State v. Gilmore*, 681 S.W.2d 934, 940 (Mo. banc 1984). Furthermore, when a trial judge sustains an objection to a defendant's attempted cross-examination of a witness, the defendant has the burden of showing the materiality and relevance of the evidence by way of an offer of proof, and he cannot complain on appeal if no such offer is made. *State v. Mitchell*, 811 S.W.2d 809, 812 (Mo. App.1991).

On cross examination, defense counsel attempted to ask Ms. Vardaman if, prior to the assault by Brown, she had another relationship that resulted in her being assaulted. Upon objection by the state, defense counsel explained that the prior assault was relevant because the circumstances were "almost exactly the same as this occasion." The court inquired if defense counsel was arguing that the assault

---

1. All statutory references are to RSMo 1986, unless otherwise specifically stated.

2. Appellant filed a motion for post-conviction relief pursuant to Rule 29.15 which was denied after an evidentiary hearing. No appeal is taken from the denial of said motion.

against Vardaman was justified. Defense counsel responded that she was not arguing justification and the objection was then sustained.

■ Brown's only argument at trial was that the prior assault was "almost exactly the same as this occasion." This was insufficient to show the prior assault to be relevant.

Brown's first point is denied.

In his second point, Brown argues that the trial court erred in failing to sustain his Batson objection to the state's peremptory striking of three of the four qualified black venirepersons.

■ The Equal Protection Clause prohibits a prosecutor from using the State's peremptory challenges to exclude otherwise qualified and unbiased persons from the petit jury solely by reason of their race. *Powers v. Ohio*, 499 U.S. ——, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 1719, 90 L.Ed.2d 69 (1986). A three-step process for evaluating whether a prosecutor has used peremptory challenges in a manner violative of the equal protection clause was set forth in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). First, the defendant must make a prima facie showing that the prosecutor has exercised peremptory challenges on the basis of race. *Id.* at 96, 97, 106 S.Ct. at 1722, 1723. Second, if the requisite showing has been made, the burden shifts to the prosecutor to articulate a race-neutral explanation for striking the juror in question. *Id.* at 97–98, 106 S.Ct. at 1723–24. Third, the trial court must determine whether the defendant has carried his burden of proving purposeful discrimination. *Id.* at 98, 106 S.Ct. at 1724.

Once the state presents race neutral reasons for exercising peremptory challenges, the defendant then has the obligation to demonstrate that the state's proffered explanations are pretextual. *State v. Hud-*

son, 822 S.W.2d 477, 481 (Mo.App.1991), citing *State v. Antwine*, 743 S.W.2d 51, 64 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1755, 100 L.Ed.2d 217 (1988). On appeal the Court of Appeals will review only those explanations challenged as pretextual at the time of trial. *State v. Davis*, 830 S.W.2d 469 at 471 (Mo. App.E.D.1992).

A trial court's decision on the ultimate question of discriminatory intent is accorded great deference on appeal. *Hernandez v. New York*, —— U.S. ——, 111 S.Ct. 1859, 1869, 114 L.Ed.2d 395 (1991). Since the best evidence of discriminatory intent will often be the demeanor of the attorney who exercises the peremptory challenge, "evaluation of the prosecutor's state of mind based on demeanor and credibility lies 'peculiarly within the trial judge's province'." *Id.*

In the case at bar, three out of four black venirepersons were struck by the state, Mr. Dial, Mr. Byers and Ms. Hack. The reason given by the state for striking Mr. Dial was that he "fought a traffic ticket" and because he acknowledged that he "had a relative who was recently in the penitentiary." The prosecutor also said that he did not like Mr. Dial's attitude during voir dire. The prosecutor said that Mr. Byers was struck because he was "observed sleeping throughout the voir dire." The prosecutor said that since Ms. Hack indicated that she worked for Job Service, he decided to strike her "due to the nature of this case." [3]

■ After the prosecutor gave his reasons for striking the three prospective jurors in the case at bar, the court asked if there was anything further to which appellant's attorney responded, "Nothing further." By failing to challenge the state's explanations once given at trial, appellant failed to demonstrate that the state's proffered explanations were pretextual. Therefore, appellant is precluded from challeng-

---

3. Brown was apparently homeless, out of work, and in need of medical assistance and food stamps at the time of the assault on Ms. Vardaman. Ms. Vardaman had also referred Brown to Job Service. The state argues on appeal that

it is not unreasonable to question whether a venireperson employed by Job Service might have been sympathetic to Brown under the circumstances of this case.

ing the explanations as being pretextual on appeal.

Appellant's second point is denied.

In his third and final point, Brown contends that the trial court erred in giving MAI–CR3d 302.04 which defines reasonable doubt. Brown argues that the definition allowed the jury to convict on proof less than "beyond a reasonable doubt." The definition given in this instruction has been repeatedly approved and challenges on appeal denied. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). Brown's third point is denied.

Judgment affirmed.

All concur.