Evalyn Lucille **LOYD**, Respondent,

v.

Jeffery Dale **COOPER**, Appellant.

No. 19498.

Missouri Court of Appeals,
Southern District,
Division Two.

May 31, 1995.

🔑303(3)

Robert P. Warden, Joplin, for appellant.

Gayle L. Crane, Joplin, for respondent.

PREWITT, Judge.

The marriage of the parties was dissolved on November 21, 1985. Appellant received primary care and custody of their children: Peter Dale Cooper, born January 17, 1981; and Mary Elizabeth Cooper, born August 13, 1983. Pursuant to her motion to modify, primary care and custody of the children was granted to Respondent on August 6, 1992.

■ On September 2, 1993, Appellant filed a motion to modify, seeking primary physical custody of the children. Following trial on the motion, the court ordered joint legal custody with physical custody remaining with Respondent. Among the points presented by Appellant is the contention that the trial court erred in denying his counsel the right to cross-examine the children when they testified.

As a part of Respondent's evidence, her attorney announced she would "like to have the children testify." The first child to testify was Mary, then age ten. Previous to Mary's testimony the trial judge stated, "there won't be any cross-examination. We can always argue that on appeal." Mary's testimony in response to questions by Respondent's attorney covers five and one-half pages of the transcript. After Respondent's counsel ceased questioning the witness, the judge again announced that "there won't be any cross-examination." Then the trial judge asked questions covering one and one-half pages of the transcript.

After the judge finished, Appellant's counsel sought the right to ask questions of the children. His request was denied. Peter, then age thirteen, testified to questions on direct examination covering less than a page on direct examination, and to questions by the judge of approximately one and one-half pages.[1]

"The right to cross-examine a witness who has testified for the adverse party is absolute and not a mere privilege." *Pettus v. Casey,* 358 S.W.2d 41, 44 (Mo.1962). *See also* 98 C.J.S. *Witnesses,* § 368, 114–116 (1994).

■ Although the trial court may limit the scope and extent of cross-examination, "it is not within the trial court's discretion to prevent it entirely." *Thornton v. Vonallmon,* 456 S.W.2d 795, 798 (Mo.App.1970). *See also State v. Cottrill,* 855 S.W.2d 379, 380 (Mo. App.1993) (denial of due process to consider evidence untested by cross-examination); *State v. Tolliver,* 562 S.W.2d 714, 718 (Mo. App.1978) (right of cross-examination is essential to fair trial); *State v. Platt,* 525 S.W.2d 637, 641 (Mo.App.1975) (court may not prevent cross-examination); *Kidd v. Kidd,* 216 S.W.2d 942, 946 (Mo.App.1949) (discretion in the scope of cross-examination does not warrant exclusion of material facts); *Arnold v. Manzella,* 186 S.W.2d 882, 895 (Mo.App.1945) (witness may be cross-examined about the entire matter).

■ Respondent contends that this was an interview of the children, as provided by § 452.385 RSMo 1994, but the record indicates otherwise. Counsel for Respondent called the children as witnesses. However, even if this was an interview, § 452.385 would have allowed Appellant's counsel "to participate therein." What participation may suffice we need not determine, as no participation was allowed. Section 452.385 is set forth below.[2]

■ Respondent also asserts that the only request Appellant made to cross-examine the children was to ask about a letter which was later admitted in evidence. The record does not support this contention. Counsel wanted to ask "questions". He

1. As the children were not under ten years of age, they were presumed competent to testify. § 491.060(2) RSMo 1994; *State v. Patterson,* 569 S.W.2d 266, 269 (Mo.App.1978).

2. **Child's wishes as to custodian, how determined.**—The court may interview the child in chambers to ascertain the child's wishes as to his custodian and relevant matters within his knowledge. The court shall permit counsel to be present at the interview and to participate therein. The court shall cause a record of the interview to be made and to be made part of the record in the case.

mentioned the letter after that request was denied. Counsel's remarks do not indicate he intended to limit the questions to the letter. Counsel did not need to make an offer of proof. Such an offer is not ordinarily required during cross-examination, as counsel will often not have prior information sufficient to know what answer may be given. *State v. Powers,* 613 S.W.2d 955, 960 (Mo. App.1981).

Respondent also contends that there was no prejudice to Appellant, as the trial judge did not make a finding concerning the childrens' testimony and it did not materially affect the result of the trial. As there was no cross-examination, what, if anything, might have been revealed is speculative. It is not possible to know how, if at all, the children's testimony may have affected the result, or how their responses during cross-examination would have affected it.

It was error for the trial court to prevent the cross-examination of the children. That error may well have affected the merits of this action. *See* Rule 84.13(b).

The judgment is reversed and the cause remanded for further proceedings.

CROW and PARRISH, JJ., concur.