Janell BROWN, Respondent,

v.

John William YETTAW, Appellant.

No. 25309.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 10, 2003.

Mark A. Grothoff, Lebanon, for Appellant.

No brief filed for Respondent.

ROBERT S. BARNEY, Presiding Judge.

John Yettaw ("Appellant") appeals from the judgment of the Circuit Court of Laclede County which granted Janell Brown ("Respondent") a full order of protection against Appellant pursuant to the Adult Abuse Act §§ 455.010–455.085 et seq., RSMo 2000.

Appellant raises one point of trial court error, premised chiefly on the basis that he was not permitted to cross-examine witnesses "in a proper and proficient manner" in a hearing conducted solely by the trial judge. Appellant also maintains the trial

court erred in proceeding to a trial without the presence of Appellant's counsel.

■ Preliminary to our discussion of Appellant's chief complaint, we first take up his ancillary claim that the trial court erred in purportedly proceeding to trial without the presence of Appellant's counsel. Appellant does not set out the circumstances as to why he purportedly was not allowed to have counsel present at the hearing. Appellant merely asserts he "was represented by attorney, Darrell Deputy, concerning this matter but Mr. Deputy did not appear for the hearing that was conducted on November[ ]7, 2002."

■ "An appellant must develop the contention raised in the point relied on in the argument section of the brief." *Luft v. Schoenhoff*, 935 S.W.2d 685, 687 (Mo.App. 1996). Accordingly, we need not address the contention of error relating to the absence of Appellant's trial counsel. *Id.*

■ We gratuitously observe, however, that the trial court made the following remarks relating to this issue:

> We continued this case today so Mr. Deputy could be here, at his convenience, to represent [Appellant]. Mr. Deputy has not graced us with his presence yet, nor do I believe he'll be here, so we're going to proceed without Mr. Deputy. And [Appellant] has requested a trial in this case.

Nothing in the record suggests that Appellant, himself, sought a continuance or that his trial counsel sought another continuance. "Whether a trial court has abused its discretion in proceeding to trial and judgment in the absence of a party or his attorney must be determined upon the particular facts and circumstances in the case under consideration." *Sav. Fin. Corp. v. Blair*, 280 S.W.2d 675, 679 (Mo. App.1955). There is nothing in the record showing that the trial court abused its discretion in proceeding to trial under these circumstances. *Id.*

■ Turning now to Appellant's chief complaint, we note that "when a party opposes a request for a full order of protection and wants to offer evidence in opposition, a trial court must hold an 'adversarial proceeding' of a type required in any case that contains a 'contested issue.'" *Doza v. Kitcher*, 987 S.W.2d 826, 827 (Mo. App.1999); *Grist v. Grist*, 946 S.W.2d 780, 782 (Mo.App.1997); *see also Ehrhart v. Ehrhart*, 776 S.W.2d 450, 451 (Mo.App. 1989). "A trial court commits reversible error if it fails to hold an evidentiary hearing under such circumstances." *Doza*, 987 S.W.2d at 827. This is because in a case containing a contested issue, a full order of protection issued summarily and without a hearing is necessarily based on insufficient evidence. *Id.*

Unlike in *Doza*, *Grist*, and *Ehrhart*, here neither of the parties had counsel representing them. This made the task of the trial court that much more difficult in assuring that a traditional "adversary" hearing took place.

■ The requirement of an "adversary proceeding" is oft-times not easily accomplished, considering that some of the cases arising under the Adult Abuse Act involve emotionally charged issues and allegations of abuse relating to threats of violence and violence. Nevertheless, it is the duty of the trial judge to preserve order during the trial of a cause. *See Ducoulombier v. Baldwin*, 101 S.W.2d 96, 103 (Mo.App.1936). At the same time, the trial court should at all times maintain an impartial attitude and a status of neutrality. *Crimi v. Crimi*, 479 S.W.2d 195, 197 (Mo.App.1972). The trial court must also exercise the highest degree of patience and forbearance consistent with decorum and an orderly trial. *Id.*

Here, because both parties appeared pro se, it is almost a given that the trial court had to take a more active part in the hearing than otherwise would be the case with trial counsel present. "The Act places the trial court in the position of determining the credibility of the potential for violence based as much on the demeanor of the parties involved as on past incidents of abuse or threatened abuse." *Parkhurst v. Parkhurst,* 793 S.W.2d 634, 637 (Mo.App.1990). To accomplish this end, the trial court must be accorded a greater role in the examination of witnesses in the event the parties fail to do so. "[T]he Adult Abuse Act was enacted in response to the increased national awareness of the prevalence of domestic violence and the need to protect those who are victims of that violence." *Id.* at 636; *State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 231 (Mo. banc 1982). In pursuit of this goal, as in cases involving the protection of the public interest in dissolution of marriage suits and child custody proceedings, "a trial judge may elicit testimony from witnesses, may cause other witnesses to be subpoenaed, and in all proper ways may develop pertinent evidence not adduced by the parties themselves." *Gosnell v. Gosnell,* 329 S.W.2d 230, 235 (Mo.App.1959); *see Long v. Long,* 771 S.W.2d 837, 840–41 (Mo.App.1989)

We are mindful of the fact that "[t]he trial court is invested with considerable discretion in matters pertaining to the conduct of a trial." *Keesee v. Freeman,* 772 S.W.2d 663, 666 (Mo.App.1989). "An appellate court may not interfere with the exercise of such discretion unless it clearly appears that the discretion has been abused." *Id.* "[A] trial court is granted discretion over the scope of cross-examina-

tion in a civil proceeding and the court's ruling will not be disturbed on appeal absent an abuse of that discretion." *L.J.B. v. L.W.B.,* 921 S.W.2d 23, 27 (Mo.App.1996). Of course, it is not within the trial court's discretion to prevent cross-examination entirely. *Loyd v. Cooper,* 899 S.W.2d 907, 909 (Mo.App.1995).

Furthermore, "[t]rial courts are vested with considerable discretion in regulating the manner of witness examination." *Kelley v. State,* 24 S.W.3d 228, 233 (Mo.App.2000). "The determination of whether offered evidence is relevant is largely committed to the discretion of the trial court." *In Interest of N.D.,* 857 S.W.2d 835, 838 (Mo.App.1993).[1]

Returning to the instant matter, we observe that Appellant asked few cross-examination questions of Respondent and her witness, although he was permitted by the trial court do so. While Appellant had difficulty in formulating and asking his cross-examination questions, it was not because he was denied the opportunity to do so by the trial court. The mere fact that Appellant acted pro se did not entitle him to be argumentative with any witness or elicit irrelevant evidence. "The trial court has broad discretion to disallow repetitive and harassing interrogation, to limit attacks on general credibility, and to preclude attempts to elicit irrelevant, collateral or stale matters." *State v. Brown,* 847 S.W.2d 79, 80 (Mo.App.1992).

Parties who represent themselves must satisfy all relevant rules of procedure. "'They are entitled to no indulgence they would not have received if represented by counsel.'" *Hansen v. Mo. Real Estate Appraisers Comm'n,* 875

---

1. "Evidence is relevant if it tends to prove or disprove any fact in issue or if it tends to corroborate any other relevant evidence." *Id.*

S.W.2d 620, 621 (Mo.App.1994) (quoting *Jim Medve Inv. Co. v. Bailous,* 740 S.W.2d 678, 680 (Mo.App.1987)). " 'While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties.' " *In re Marriage of Gerhard,* 34 S.W.3d 305, 308 (Mo.App.2001) (quoting *Perkel v. Stringfellow,* 19 S.W.3d 141, 147 (Mo.App. 2000)); *see also Div. Of Child Support Enforcement v. Hinojos,* 993 S.W.2d 581, 583 (Mo.App.1999).

In our review of the proceedings, encompassing 96 pages of transcript we are convinced that Appellant received an adversarial hearing, as required by case law in these types of cases.

Each of the witnesses was sworn before testifying, unlike in *Ehrhart. See Ehrhart,* 776 S.W.2d at 451. Appellant presented himself and four other witnesses to refute Respondent's contentions and tell his "side" of the story. He elicited approximately 20 questions from his witnesses. Indeed, between the trial court and his own questioning, *Appellant's case takes up almost 70 pages of the transcript testimony.*

Furthermore, from our review of the transcript, we commend the trial court in its demeanor and patience exhibited during the hearing.

In short, then, the entire record reflects the trial court's inquiries were inquisitorial in nature and sought to clarify the issues. "There was no belligerent attitude adopted by the trial court toward either the parties . . . and the trial court did not assume the role of advocate." *Long,* 771 S.W.2d at 841; *see also Crimi,* 479 S.W.2d at 197. There was sufficient evidence to uphold the judgment of the trial court as a result of an appropriate adversarial proceeding. "The content of the entire record below and the court's superior ability to evaluate the potential for abuse by the testimony and demeanor of the witnesses persuades this court that the full order of protection should be affirmed." *Parkhurst,* 793 S.W.2d at 637.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.