### Amanda Lea HAIL, Respondent,

v.

### Robert A. HAIL, Appellant.

### No. WD 74499.

Missouri Court of Appeals, Western District.

Oct. 2, 2012.

M. Blake Baker, Osceola, MO, for appellant.

Amanda L. Hail, Respondent pro se, Nevada, MO.

Before Division One: JAMES M. SMART, Presiding Judge, LISA WHITE HARDWICK and GARY D. WITT, Judges.

Court Rules (2012).

LISA WHITE HARDWICK, Judge.

Robert Hail ("Husband") appeals the circuit court's judgment entering a full order of protection in favor of Amanda Hail ("Wife") pursuant to the Adult Abuse Act, Sections 455.010 et seq.[1] Husband contends the order was not supported by sufficient evidence. For reasons explained herein, we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL HISTORY

On August 30, 2011, the circuit court entered a full order of protection in favor of Wife and against Husband. The order prohibited Husband from abusing, threatening to abuse, molesting, stalking, or disturbing the peace of Wife; from using, attempting to use, or threatening to use physical force against Wife that may be expected to cause bodily injury; from communicating with Wife; and from entering Wife's dwelling and place of employment. The order also awarded custody of the parties' minor child to Wife and established visitation. The order of protection expired on August 29, 2012, and nothing in the record indicates that the order was extended. Husband appeals.

Given the disposition of this appeal, we need not further discuss the facts underlying the order of protection.

## ANALYSIS

In his sole point on appeal, Husband argues the circuit court erred in entering the full order of protection against him because the order was not supported by sufficient evidence. We note, however, that the order of protection expired prior to our consideration of this appeal. Before considering the merits of Husband's argument, "we must determine whether appel-late review should be denied on the grounds of mootness." *Glover v. Michaud*, 222 S.W.3d 347, 350 (Mo.App.2007).

"[A] cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *O'Banion v. Williams*, 175 S.W.3d 673, 675 (Mo.App.2005) (quoting *State ex rel. Reed v. Reardon*, 41 S.W.3d 470, 473 (Mo. banc 2001)). "We generally dismiss cases that are moot because appellate jurisdiction depends on the existence of a live controversy." *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo.App.2011). "When a full order of protection has expired, any appeal of that order is moot, because there is no practical effect in vacating an order that has expired." *Id.* at 36. Here, the full order of protection expired on August 29, 2012, and the record does not indicate that the order was extended; thus, we find that the appeal of the order of protection is moot.

We may, in our discretion, address a moot appeal under either of two exceptional circumstances. *MacFarlane v. Wheeler*, 285 S.W.3d 818, 819 (Mo.App.2009). "The first occurs when a case becomes moot after it has been submitted and argued." *Jenkins v. McLeod*, 231 S.W.3d 831, 833 (Mo.App.2007). In this case, the appeal was submitted on September 21, 2012, which was after the order of protection expired.[2] Thus, the first exception does not apply.

"Second, the court may consider the appeal if it raises a recurring issue of general public interest and importance and would otherwise evade appellate review."

---

1. All statutory references are to the Revised Statutes of Missouri 2000, as updated by the Cumulative Supplement 2011, unless otherwise noted.

2. This case was submitted on Husband's brief, without oral argument.

*MacFarlane,* 285 S.W.3d at 819. This public interest exception is set forth in Section 455.007:

> Notwithstanding any other provision of law to the contrary, the public interest exception to the mootness doctrine shall apply to an appeal of a full order of protection which: (1) [h]as expired; and (2) [s]ubjects the person against whom such order is issued to significant collateral consequences by the mere existence of such full order of protection after its expiration.

Husband does not allege that he will be subjected to any significant collateral consequences by the mere existence of such full order of protection after its expiration and, therefore, the exception in Section 455.007 does not apply. Also, Husband's sole point on appeal is that the order of protection was not supported by sufficient evidence. Missouri courts have determined that challenges to the sufficiency of the evidence on expired orders of protection are not generally of adequate public interest to require appellate review. *MacFarlane,* 285 S.W.3d at 819. Husband has not raised a recurring issue of general concern or made a showing of collateral consequences that would warrant consideration of his moot appeal.

Husband's appeal does not fall within either exception to the mootness doctrine. Accordingly, we dismiss the appeal as moot.

### CONCLUSION

The appeal is dismissed.

ALL CONCUR.

