James **HERMANN**, Respondent,

v.

Tara **HESKETT**, Appellant.

No. ED 98876.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 28, 2013.

Susan K. Roach, St. Louis, MO, for Appellant.

Sophya Q. Raza, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

T.H. ("Mother") appeals from the trial court's judgment granting in part J.H.'s ("Father") motion to modify custody and child support. Mother asserts six points on appeal. We affirm.

Mother and Father have one daughter ("Child") together, who was born in 2007. After the birth, Father filed a paternity action to determine whether or not he was Child's father.

On April 28, 2008, Father was declared the father of Child, and the court awarded Mother and Father joint legal custody and awarded sole physical custody to Mother. Father was awarded visitation and periods of temporary custody. Father was also ordered to pay Mother $534 per month in child support. On August 17, 2009, the court entered a modification judgment, which provided Father with additional visitation.

Subsequently, Father filed a motion to modify, among other things, the court's award of child custody and child support. Father contended Mother did not let him see Child outside the visitation schedule and is not flexible with regard to such schedule. Father alleged Mother had also violated the parenting plan on several occasions. Father also noted he had remarried and was expecting a baby and wanted Child to bond with his new baby. Father also stated he moved out of the City of St. Louis to Glendale so his children could have access to the Kirkwood School District. Father asserted Mother has indicated she wants Child to attend private school, against Father's wishes. Father also stated he desired to be named residential parent for purposes of education and mailing because he lived within a superior school district. Father alleged Child was accustomed to traveling back and forth between her parents. Father contended the parenting plan provisions for Thanksgiving, Christmas Eve, and Christmas Day "are problematic and do not work well with the parties' family traditions." Lastly, Father argued despite the joint custody provision, Mother sched-

ules Child's doctor appointments and gives him very little notice. Thus, Father requested the court award joint physical custody. Father also requested a modification of his child support obligation, as Mother was earning substantially more than at the time of the modification judgment.

Mother filed an answer to Father's motion to modify and also filed a cross-motion to modify, arguing Father's earnings have substantially increased since the time of the judgment, Child is older and has greater expenses for education, inflation has caused the expenses of maintaining and educating Child to increase. Thus, Mother requested that Father's child support obligation be increased. Mother also requested attorneys' fees.

Mother also filed a separate motion for attorneys' fees, arguing Father's motion to modify was frivolous and she was without adequate means to employ counsel to defend against the motion. Father also filed a motion for attorneys' fees, arguing Mother's unreasonable behavior resulted in protracted litigation.

Thereafter, the trial court entered its judgment, in which it made extensive findings of fact. The trial court found Mother had, at best, been less than forthcoming and, at worst, lied to the court; therefore, it found at this time, a stable and consistent environment for Child can be obtained only if Mother and Father share equally physical custody of Child. The trial court also noted Mother has consciously chosen to minimize Father's involvement with Child and incorrectly believes she has the unfettered right to determine what serves the best interests of Child. The trial court further found Mother consistently places her own selfish interests ahead of the best interests of Child, which required that Father be designated the residential parent for mailing and educational purposes. The

trial court noted Mother's efforts to dictate how Child will be raised is in direct contravention of not only her obligations under the judgment, but also the best interests of Child. The trial court agreed Child required consistency in her physical custody schedule, but believed the required consistency can be obtained even if Child does not sleep in the same bed throughout the school week. The trial court concluded Father demonstrated Child will substantially benefit if he is awarded joint physical custody and shares physical custody equally with Mother. Because of the award of joint physical custody, the trial court found the previous amount of child support paid by Father to Mother was unreasonable.

Therefore, the trial court granted Father's motion to modify in part and denied it in part. The trial court granted Father's motion for attorneys' fees in part and denied it in part, and the trial court denied Mother's motion for attorneys' fees. Mother and Father were ordered to retain joint legal custody of Child, but their physical custody arrangement was modified in that they were ordered to have joint physical custody of Child with Father designated as the residential parent for mailing and educational purposes. In addition, the trial court ordered neither parent shall recover any sums at this time from the other parent for support of Child; thus, Father's child support obligation was terminated. The trial court denied the part of Father's motion to modify requesting Child's last name to be changed to Father's. Lastly, Mother was ordered to pay $5,000 toward the attorneys' fees of Father.

Mother subsequently filed a motion to amend the judgment or for a new trial. Father filed a response. Thereafter, the trial court denied Mother's motion. This appeal follows.

We review the trial court's ruling on a motion to modify child custody pursuant to the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *In re Marriage of Sutton*, 233 S.W.3d 786, 789 (Mo.App.E.D.2007). We will sustain that judgment unless there is not substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Id.* We will not set aside a trial court's judgment on child custody unless we firmly believe that the decree is wrong and that the child's welfare requires another disposition. *Id.*

In her first point, Mother argues the trial court erred and abused its discretion in finding there was a substantial and continuing change of circumstances justifying a modification of physical custody of Child. We disagree.

Section 452.410 RSMo (2000) provides that a court may modify a prior child custody decree if it finds, "upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child."

Mother contends the trial court did not make an appropriate statement that there had been a change in circumstances. First, we note the trial court explicitly found "[a] change has occurred in the circumstances of Father and Mother, as custodial parents, or [Child] as a result of which the best interests of [Child] require that Father and Mother be awarded joint physical custody of [Child]." The trial court went on to detail the substantial evidence supporting this finding, including Mother's deposition testimony which contradicted other evidence in the case, Mother's act of excluding Father from Child's baptism, Mother's interference with Father's visitation, Mother's failure to comply with the schedule for vacations in the parenting plan, and Mother's failure to comply with the pick-up and drop-off provisions in the parenting plan. In addition, Father has attended all medical appointments of Child of which he was informed. Father married, had another daughter, and moved to Kirkwood, Missouri. Father resigned as a baseball coach because it interfered with his time with Child. Further, Mother has gotten a new job with a substantial raise in salary. The parties also had begun to disagree about whether Child will attend Catholic school or public school. The trial court also noted Mother enrolled Child in preschool without consulting or even informing Father, despite the fact that they had joint legal custody. Mother also did not acknowledge Father's existence on the enrollment forms. Despite Mother's conduct, Father attended the first day of preschool, the parent-teacher conference, back-to-school night, and open house.

Finally, the trial court made the following conclusions: the trial court found Mother had, at best, been less than forthcoming and, at worst lied to the court; therefore, it found at this time, a stable and consistent environment for Child can be obtained only if Mother and Father share equally physical custody of Child. The trial court also noted Mother has consciously chosen to minimize Father's involvement with Child and incorrectly believes she has the unfettered right to determine what serves the best interests of Child. The trial court further found Mother consistently places her own selfish interests ahead of the best interests of Child, which required that Father be designated the residential parent for mailing and educational purposes. The trial court noted Mother's efforts to dictate how

Child will be raised is in direct contravention of not only her obligations under the judgment, but also the best interests of Child. The trial court agreed Child required consistency in her physical custody schedule, but believed the required consistency can be obtained even if Child does not sleep in the same bed throughout the school week. The trial court concluded Father demonstrated Child will substantially benefit if he is awarded joint physical custody to be shared equally with Mother.

The trial court's award of joint physical custody was supported by substantial evidence, was not against the weight of the evidence, and did not erroneously declare or apply the law.

■ Underlying Mother's argument is her contention that the trial court improperly cited circumstances predating the prior modification judgment in the most recent modification judgment. However, Section 452.410 allows the trial court to consider "facts that have arisen since the prior decree *or that were unknown to the court at the time of the prior decree.*" Section 452.410 (emphasis added).

In *K.J.B. v. C.M.B.*, 779 S.W.2d 36, 39 (Mo.App.E.D.1989), Father claimed the court erred in admitting mother's evidence of events and circumstances in violation of Section 452.410 because these events were known to mother at the time of the prior hearing. The court noted the policy underlying Section 452.410 in not allowing evidence of events which occurred prior to a previous decree is that these events have been merged into the previous decree. *Id.* Thus, such evidence may not be re-litigated under the doctrine of *res judicata* because judgment upon the evidence is conclusive as to the rights of the parties. *Id.* However, in that case, the issue of custody was not litigated at the previous hearing because the parties agreed to joint custo-

dy. *Id.* Consequently, evidence of the father's abusive conduct toward the children was never considered by the court. *Id.* Thus, any evidence of pre-dissolution abuse by father was relevant to evidence of post-dissolution abuse, and the children's welfare is the court's foremost consideration. *Id.*

Similarly, here the parties did not previously litigate the issue of child custody. Both the paternity judgment and the first modification judgment were entered by consent without a trial. Therefore, it was proper to allow Father to present evidence bearing on these issues here.

As a result, we find the trial court did not err or abuse its discretion in finding there was a substantial and continuing change of circumstances justifying a modification of physical custody of Child. Point denied.

■ In her second point, Mother argues the trial court erred and abused its discretion in finding there was a substantial and continuing change of circumstances justifying a modification regarding where Child attends pre-school. We disagree.

The trial court found if Parents were unable to agree upon a preschool for academic year 2012–2013, Child would attend Start Here First Preschool at Seven Holy Founders; however, if, upon commencement of academic year 2012–2013, Start Here First Preschool no longer exists or no longer operates at Seven Holy Founders, Child shall attend the Kirkwood Early Childhood Learning Center.

Mother's point is confined to this finding by the trial court dealing with preschool choice for the 2012–2013 academic year. Because the 2012–2013 academic year has concluded, we must determine whether Mother's point is moot.

A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. *Hail v. Hail,* 380 S.W.3d 655, 656 (Mo.App.W.D.2012). We generally dismiss cases that are moot because appellate jurisdiction depends on the existence of a live controversy. *Id.* However, we may, in our discretion, address a moot appeal under either of two exceptional circumstances. *Id.* The first occurs when a case becomes moot after it has been submitted and argued. *Id.* Second, the court may consider the appeal if it raises a recurring issue of general public interest and importance and would otherwise evade appellate review. *Id.*

We find neither of those circumstances is present here. Thus, we deny Mother's second point as moot.

In her third point, Mother argues the trial court erred and abused its discretion in finding there was a substantial and continuing change of circumstances justifying a modification designating Father as the residential parent for mailing and educational purposes. We disagree.

In the argument portion of her brief on this point, Mother makes only the conclusory assertion that the record was absent of any causative factors to transfer the residential parenthood from Mother to Father in the argument portion of her brief on this point. Rule 84.13(a) states in relevant part that allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. An appellant must develop the contention raised in the point relied on in the argument section of the brief. *Horwitz v. Horwitz,* 16 S.W.3d 599, 605 (Mo.App.E.D.2000). If a party does not support such contentions with relevant authority or argument beyond conclusory statements, the point is considered abandoned. *Id.* Thus, we find Mother has abandoned this point.

Even assuming *arguendo* Mother did not abandon this point, she is not entitled to relief on the merits. The trial court found Mother consistently places her own selfish interests ahead of the best interests of Child, which required that Father be designated the residential parent for mailing and educational purposes. As noted above, there is substantial support in the record for this finding.

Therefore, the trial court did not err or abuse its discretion in designating Father as the residential parent for mailing and educational purposes. Point denied.

In her fourth point, Mother argues the trial court erred and abused its discretion in finding there was a substantial and continuing change of circumstances justifying a modification of the custody arrangement and thereby eliminating the responsibility for Father to pay child support to Mother. We disagree.

Mother contends the trial court failed to give any reason for this modification. We noted above the substantial evidence supporting the trial court's award of joint physical custody. Thus, we need not repeat those facts here. Thus, our analysis below will be confined to the trial court's modification of the child support award.

In its judgment, the trial court found because of the award of joint physical custody to Mother and Father, a substantial and continuing change of circumstances had occurred since the entry of judgment, which rendered unreasonable the amount previously payable by Father to Mother for child support. In making this finding, the trial court's judgment makes clear it considered the relevant factors in Section 452.340 as well as whether there had been a substantial and continuing change of cir-

cumstances under Section 452.370. There is substantial evidence in the record to support the trial court's finding that there had been a substantial and continuing change of circumstances.

The trial court then noted pursuant to Missouri Child Support Guidelines, Father was presumptively required to pay Mother $0.00 and Mother was presumptively required to pay Father $21.00 per month. The trial court also listed the calculations it used to determine these amounts in the judgment. The trial court ultimately decided these presumptive amounts of child support were unjust and inappropriate and ordered neither parent to pay anything in child support. Rule 88.01(b) provides in pertinent part "a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct."

Therefore, we find the trial court did not err or abuse its discretion in finding there was a substantial and continuing change of circumstances justifying a modification of the custody arrangement and thereby eliminating the responsibility for Father to pay child support to Mother. Point denied.

In her fifth point, Mother argues the trial court erred and abused its discretion in finding there was a substantial and continuing change of circumstances justifying a modification of the judgment regarding any and all issues determined by the court. We disagree.

Mother argues again here that the trial court improperly considered evidence and events that occurred prior to the previous modification judgment. Because we already dealt with this same issue in Moth-er's first point above, we need not address them again here. Therefore, we hereby deny Mother's fifth point.

In her sixth point, Mother argues the trial court erred and abused its discretion in ordering Mother to pay $5,000 toward Father's attorneys' fees. We disagree.

Mother argues the trial court failed to specify any factual findings supporting its conclusion that Mother unreasonably added to the expense of the litigation and justifying its deviation from the standard American rule regarding attorneys' fees.

As a general matter, parties to a domestic relations case are responsible for paying their own attorneys' fees. *Bryant v. Bryant*, 351 S.W.3d 681, 691 (Mo.App.E.D.2011). Section 452.355.1, however, provides:

> the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees.

We presume an award of attorney's fees to be correct, and Mother has the burden to prove otherwise on appeal. *Bryant*, 351 S.W.3d at 691. We review the trial court's decision to award attorney's fees for an abuse of discretion. *Id.* An abuse of discretion occurs where the trial court's award was so arbitrary and unreasonable and against the logic of the circumstances as to shock the sense of justice and indicate that the trial court did not carefully consider its decision. *Id.*

Here, the trial court found each party had sufficient funds to pay his or her own

attorneys' fees. Further, the trial court found Father's motion to modify was supported by substantial evidence, and Mother's actions during the case caused Father to incur unnecessary and additional attorneys' fees and litigation expenses. Thus, the trial court ordered Mother to pay $5,000 of Father's attorneys' fees. As noted above, the record is replete with examples of Mother's improper behavior during the pendency of the action.

Therefore, we find the trial court did not err or abuse its discretion in ordering Mother to pay $5,000 toward Father's attorneys' fees. Point denied.

The judgment of the trial court is affirmed.

ROY L. RICHTER, J. and ANGELA T. QUIGLESS, J., concur.