from American Family stating American Family paid $2,500 directly to Busey Truck and no other coverage exists. American Family did not provide any other reference to pleadings, affidavits, or other documentation to support its contention that the $2,500.00 limit applied to Plaintiffs' loss and no other coverage existed under the policy. *See Goodson*, 918 S.W.2d at 326, 327 (absent affidavits, interrogatories, depositions, or other evidence showing no genuine issue of fact, record did not demonstrate right to judgment as a matter of law). The policy itself, without evidence of any of the underlying facts which would result in the applicability of the asserted limit of liability, does not clearly establish American Family's right to judgment as a matter of law.[6]

Here, American Family did not sufficiently allege or establish by supporting documentation any undisputed facts in the record before us to support its contention the $2,500.00 limit of coverage applied to the loss of Plaintiffs' property. Therefore, American Family did not meet its burden of making a prima facie showing it was entitled to summary judgment. As a result, based on the summary judgment record before us, we cannot conclude American Family has established a right to judgment as a matter of law based upon undisputed facts. As such, the trial court erred in granting summary judgment in favor of American Family on Plaintiffs' claim of equitable garnishment. *See Goodson*, 918 S.W.2d at 327. Point three on appeal is granted.

6. For example, the policy contains multiple provisions in separate sections regarding personal property of others in the care, custody, and control of Busey Truck, both excluding damage to such property from liability and providing for coverage of such property as well as for potential extensions of coverage

## III. CONCLUSION

The judgment of the trial court dismissing Plaintiffs' claims of negligent failure to procure insurance and negligent misrepresentation against Foust for failure to state a claim is affirmed. The judgment of the trial court granting summary judgment in favor of American Family on Plaintiffs' claim of equitable garnishment is reversed and remanded for further proceedings consistent with this opinion.

ROY L. RICHTER, J. and GARY M. GAERTNER, JR., J., concur.

**C.I.A., Respondent,**

v.

**T.E., Appellant.**

**No. WD 76381.**

Missouri Court of Appeals, Western District.

March 4, 2014.

C.I.A., Respondent Pro-se.

James O. Kjar, for Appellant.

for such property. In addition, an endorsement attached to the policy appears to change the property policy to add coverage for personal property of others for $40,000.00, which well exceeds American Family's asserted limit of $2,500.00.

Before Division Three: ANTHONY REX GABBERT, Presiding Judge, VICTOR C. HOWARD, Judge and THOMAS H. NEWTON, Judge.

VICTOR C. HOWARD, Judge.

T.E. appeals the judgment of the trial court entering a full order of protection against her and in favor of C.I.A. pursuant to the Adult Abuse Act, sections 455.010 et seq.[1] T.E. contends that the trial court erred in conducting the direct examination of C.I.A. because it exceeded its role as an impartial judge and acted as an advocate for C.I.A. The appeal is dismissed as moot.

On February 25, 2013, the trial court entered a full order of protection in favor of C.I.A. and against T.E. The order prohibited T.E. from committing further acts of abuse or threats to abuse and from any contact with C.I.A. The order of protection expired on August 26, 2013, and nothing in the record indicates that it was extended. T.E. appeals.[2]

Whether a case is moot is a legal question that the appellate court raises *sua sponte* on appeal. *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo.App.W.D.2011). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Hail v. Hail*, 380 S.W.3d 655, 656 (Mo.App.W.D.2012)(internal quotes and citation omitted). Generally, an appellate court does not decide moot issues. *Aldrich v. Goodman*, 340 S.W.3d 669, 670 (Mo.App. W.D.2011). "When a full order of protection has expired, any appeal of that order is moot, because there is no practical effect

in vacating an order that has expired." *Hail*, 380 S.W.3d at 656 (internal quotes and citation omitted). Here, the full order of protection expired on August 26, 2013, and nothing in the record indicates that it was extended. Thus, the appeal of the order is moot.

An appellate court may, however, in its discretion address a moot appeal in two instances. *Id.; Aldrich*, 340 S.W.3d at 670. "The first occurs when a case becomes moot after it has been submitted and argued." *Hail*, 380 S.W.3d at 656 (internal quotes and citation omitted). In this case, the appeal was submitted on February 21, 2014, which was after the order of protection expired. The first exception does not apply.

"Second, the court may consider the appeal if it raises a recurring issue of general public interest and importance and would otherwise evade appellate review." *Id.* (internal quotes and citation omitted). This exception to the mootness doctrine is set forth in section 455.007:

> Notwithstanding any other provision of law to the contrary, the public interest exception to the mootness doctrine shall apply to an appeal of a full order of protection which: (1) Has expired; and (2) Subjects the person against whom such order is issued to significant collateral consequences by the mere existence of such full order of protection after its expiration.

T.E. does not allege that she will be subjected to any significant collateral consequences by the mere existence of such full order of protection after its expiration and, therefore, the exception in section 455.007

---

1. All statutory references are to RSMo 2000 as updated by the Cumulative Supplement 2012 unless otherwise indicated.

2. Given the disposition of the appeal, the facts underlying the order of protection are not discussed.

does not apply.[3] The appeal is dismissed as moot.

All concur.

**Brian SCHULTZ, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. WD 75981.**

Missouri Court of Appeals,
Western District.

March 4, 2014.

Susan L. Hogan, Appellate Defender, Kansas City, MO, for Appellant.

Chris Koster, Attorney General, Todd T. Smith, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division I: CYNTHIA L. MARTIN, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

**Order**

PER CURIAM:

Brian Schultz appeals the judgment of the Circuit Court of Jackson County, Missouri, denying his motion for post-conviction relief after an evidentiary hearing. Because a published opinion would have no precedential value, a memorandum of law has been provided to the parties. The judgment is affirmed. Rule 84.16(b).

**Connie S. HUMPHREY, Respondent,**

**v.**

**Randall S. HUMPHREY, Appellant.**

**No. ED 99665.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 4, 2014.

Before LISA S. VAN AMBURG, P.J., PATRICIA L. COHEN, J., and PHILIP M. HESS, J.

---

**3.** Even if this court addressed the merits of T.E.'s appeal, T.E. would not prevail. The petitioner, C.I.A., appeared at the hearing *pro se*. When parties appear *pro se* at the hearing on a petition for order of protection, it is almost a given that the trial court must take a more active part in the hearing than otherwise would be the case with counsel present. *Brown v. Yettaw*, 116 S.W.3d 733, 736 (Mo. App.S.D.2003). "The [Adult Abuse] Act places the trial court in the position of determining the credibility of the potential for violence based as much on the demeanor of the parties involved as on past incidents of abuse or threatened abuse." *Id.* (internal quotes and citation omitted). "To accomplish this end, the trial court must be accorded a greater role in the examination of witnesses in the event the parties fail to do so." *Id.* "[T]he trial court should at all times maintain an impartial attitude and a status of neutrality." *Id.* at 735. The transcript of the hearing reveals that the trial court's examination of C.I.A. was appropriate and proper and did not indicate bias or prejudice against T.E.