

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

C.I.A.,                              )
                                     )
      Respondent,            )           WD76381
                                     )
vs.                                  )           Opinion filed:  March 4, 2014
                                     )
T.E.,                                )
                                     )
      Appellant.             )

## APPEAL FROM THE CIRCUIT COURT OF BENTON COUNTY, MISSOURI
## THE HONORABLE MARK B. PILLEY, JUDGE

Before Division Three:  Anthony Rex Gabbert, Presiding Judge,
Victor C. Howard, Judge and Thomas H. Newton, Judge

      T.E. appeals the judgment of the trial court entering a full order of protection against her and in favor of C.I.A. pursuant to the Adult Abuse Act, sections 455.010 et seq.[1]  T.E. contends that the trial court erred in conducting the direct examination of C.I.A because it exceeded its role as an impartial judge and acted as an advocate for C.I.A.  The appeal is dismissed as moot.

      On February 25, 2013, the trial court entered a full order of protection in favor of C.I.A. and against T.E. The order prohibited T.E. from committing further acts of abuse or threats to

---

[1] All statutory references are to RSMo 2000 as updated by the Cumulative Supplement 2012 unless otherwise indicated.

abuse and from any contact with C.I.A. The order of protection expired on August 26, 2013, and nothing in the record indicates that it was extended. T.E. appeals.[2]

Whether a case is moot is a legal question that the appellate court raises *sua sponte* on appeal. *T.C.T. v. Shafinia*, 351 S.W.3d 34, 36 (Mo. App. W.D. 2011). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *Hail v. Hail*, 380 S.W.3d 655, 656 (Mo. App. W.D. 2012)(internal quotes and citation omitted). Generally, an appellate court does not decide moot issues. *Aldrich v. Goodman*, 340 S.W.3d 669, 670 (Mo. App. W.D. 2011). "When a full order of protection has expired, any appeal of that order is moot, because there is no practical effect in vacating an order that has expired." *Hail*, 380 S.W.3d at 656 (internal quotes and citation omitted). Here, the full order of protection expired on August 26, 2013, and nothing in the record indicates that it was extended. Thus, the appeal of the order is moot.

An appellate court may, however, in its discretion address a moot appeal in two instances. *Id.*; *Aldrich*, 340 S.W.3d at 670. "The first occurs when a case becomes moot after it has been submitted and argued." *Hail*, 380 S.W.3d at 656 (internal quotes and citation omitted). In this case, the appeal was submitted on February 21, 2014, which was after the order of protection expired. The first exception does not apply.

"Second, the court may consider the appeal if it raises a recurring issue of general public interest and importance and would otherwise evade appellate review." *Id.* (internal quotes and citation omitted). This exception to the mootness doctrine is set forth in section 455.007:

> Notwithstanding any other provision of law to the contrary, the public interest exception to the mootness doctrine shall apply to an appeal of a full order of

---

[2] Given the disposition of the appeal, the facts underlying the order of protection are not discussed.

protection which: (1) Has expired; and (2) Subjects the person against whom such order is issued to significant collateral consequences by the mere existence of such full order of protection after its expiration.

T.E. does not allege that she will be subjected to any significant collateral consequences by the mere existence of such full order of protection after its expiration and, therefore, the exception in section 455.007 does not apply.[3] The appeal is dismissed as moot.

_____
VICTOR C. HOWARD, JUDGE

All concur.

---

[3] Even if this court addressed the merits of T.E.'s appeal, T.E. would not prevail. The petitioner, C.I.A., appeared at the hearing *pro se*. When parties appear *pro se* at the hearing on a petition for order of protection, it is almost a given that the trial court must take a more active part in the hearing than otherwise would be the case with counsel present. *Brown v. Yettaw*, 116 S.W.3d 733, 736 (Mo. App. S.D. 2003). "The [Adult Abuse] Act places the trial court in the position of determining the credibility of the potential for violence based as much on the demeanor of the parties involved as on past incidents of abuse or threatened abuse." *Id.* (internal quotes and citation omitted). "To accomplish this end, the trial court must be accorded a greater role in the examination of witnesses in the event the parties fail to do so." *Id.* "[T]he trial court should at all times maintain an impartial attitude and a status of neutrality." *Id.* at 735. The transcript of the hearing reveals that the trial court's examination of C.I.A. was appropriate and proper and did not indicate bias or prejudice against T.E.